Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor/Moving Party
JP MORGAN CHASE BANK, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No: 09-33544 |
|       MICHAEL S. JUNKER, | RS No: TJS-634 |
|           Debtor. | Chapter 7 |
| JP MORGAN CHASE BANK, N.A., | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
|       Movant, | |
| -vs- | |
| MICHAEL S. JUNKER; E. LYNN SCHOENMANN, Chapter 7 Trustee, | Date: January 7, 2010<br>Time: 9:30 a.m.<br>Ctrm: 22 |
|       Respondents. | *The Courtroom of the Honorable Dennis Montali* |

Secured Creditor and Movant, JP Morgan Chase Bank, N.A. ("JP MORGAN") complains and alleges as follows:

    1.    For an order terminating the automatic stay immediately to permit JP Morgan to exercise its lawful remedies, including, but not limited to, enforcing its liens on personal property described as a 2007 Toyota Camry, VIN JTNBB46K873030144;

///

///

1

2.     That any proceeds arising out of the above-described personal property be immediately paid over to JP MORGAN;

3.     That the Debtor be prohibited by this Court from further use or enjoyment of the above-described personal property unless JP Morgan receives adequate protection for its interest in said personal property, and that Debtor be permitted to use the property only if JP Morgan continues to receive adequate protection for such interest;

4.     That any Order be binding and effective despite any conversion of the bankruptcy cases to a case under any other chapter of Title 11 of the United States Code;

5.     That the requirements of Bankruptcy Rule 4001(a)(3), be waived;

6.     That JP Morgan have such other and further relief as this Court deems just and proper.

Continuation of the automatic stay of 11 U.S.C. §362(a) will work real and irreparable harm to JP MORGAN, and such stay should be terminated for cause and that JP Morgan is not adequately protected during the pendency of the Debtor's bankruptcy and that the value of the collateral described above is depreciating.

Continuation of the automatic stay of 11 U.S.C. §362(a) will work real and irreparable harm to JP Morgan, and such stay should be terminated in that the Debtor has insufficient equity in the property referred to herein above and, therefore, JP Morgan is not adequately protected in the Debtor's bankruptcy.

The motion will be based on the Notice of Motion, this Motion for Relief from Automatic Stay, the Declaration of JP MORGAN filed herewith, on the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: November 25, 2009           SOLOMON, GRINDLE, SILVERMAN & SPINELLA

By: /s/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Attorneys for Movant/Creditor JP MORGAN CHASE BANK, N.A.

Case: 09-33544   Doc# 9   Filed: 11/25/09   Entered: 11/25/09 13:11:36   Page 2 of 2